UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re: | Case No. 23-10373-PDR-11 |
| MICHAEL THERON SMITH, JR., | Chapter 11 |
| Debtor. | Subchapter V |

### OBJECTION OF THE STATES OF INDIANA, OHIO, AND TEXAS TO DEBTOR'S DESIGNATION AS A SMALL BUSINESS DEBTOR UNDER SUB-CHAPTER V OF CHAPTER 11

The States of Indiana, Ohio, and Texas (collectively, the "Objecting States"), by and through their undersigned counsel, hereby object to the Debtor Michael Theron Smith, Jr.'s designation as a small business debtor under sub-chapter V of chapter 11 of the Bankruptcy Code (the "Objection"). The Debtor fails to qualify as a subchapter V debtor under 11 U.S.C. § 1182(1)(A) because less than 50 percent of the Debtor's aggregate noncontingent liquidated debts arose from his commercial or business activities. In support of this Objection, the Objecting States respectfully state as follows:

### INCORPORATION OF UST OBJECTION

1. In an effort to promote judicial economy and to avoid duplication of effort, the Objecting States incorporate by reference the *United States Trustee Objection to Debtor's Designation as a Sub-Chapter V Small Business Debtor* filed in this Case on March 24, 2023 [Docket No. 84], finding the relief to be requested the same.

### OBJECTION

2. The Objecting States are all similarly situated, all being listed on the Debtor's Schedule E/F.

3. The Debtor filed this Case on January 18, 2023, and elected to proceed as a small business debtor under subchapter V of chapter 11 of the Bankruptcy Code.

4. On January 18, 2023, contemporaneous with the filing of this Case, the Debtor filed his sworn Schedules and Statement of Financial Affairs [Docket No. 1] (collectively, and as subsequently amended, the "Debtor's Sworn Schedules").

5. The 341 Meeting of Creditors was initially held on February 10, 2023, but did not conclude until March 3, 2023, after a continuation.

6. On March 17, 2023, the Debtor filed sworn Amended Schedules A/B, E/F, H, and I [Docket No. 77]. No other amendments to the Debtor's Sworn Schedules have been filed.

7. To proceed under subchapter V, a debtor must meet the definition of a debtor under 11 U.S.C. § 1182(1) and must elect its application. 11 U.S.C. § 103(i) ("Subchapter V of chapter 11 of this title applies only in a case under chapter 11 in which a debtor (as defined in section 1182) elects that subchapter V of chapter 11 shall apply."). Section 1182 provides the following definition:

> (1) Debtor—The term "debtor" –
>
> (A) subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor.

11 U.S.C. § 1182(1)(A).

8. Further, a debtor proceeds as a subchapter V debtor if so indicated by the debtor's statement on the petition "unless and until the court enters an order finding that the debtor's statement is incorrect." Fed. R. Bankr. P. 1020(a). Objections to the subchapter V designation must

be filed "no later than 30 days after the conclusion of the meeting of creditors held under § 341(a) of the Code, or within 30 days after any amendment to the statement, whichever is later," and may be filed by the United States Trustee or any party in interest. Fed. R. Bankr. P. 1020(c).

9. When an objection to a debtor's subchapter V eligibility is made, the debtor carries the burden of establishing such eligibility. *See In re Port Arthur Steam Energy, L.P.*, 629 B.R. 233, 235 (Bankr. S.D. Tex. 2021); and *In re: Vertical Mac Construction, LLC*, 2021 WL 3668037 (Bankr. MDFL 2021).

10. Therefore, to be eligible to proceed under subchapter V in this Case, the Debtor must establish the following: (1) he meets the definition of a "person"; (2) he is "engaged in commercial or business activities"; (3) he does not have aggregate noncontingent liquidated debt as of the petition date in excess of $7,500,000; and (4) that at least 50 percent of those debts arose from his commercial or business activities. 11 U.S.C. § 1182(1)(A).

11. Here, the Debtor cannot establish the necessary elements for a subchapter V election because less than 50 percent of the Debtor's aggregate, noncontingent, liquidated debt as of the petition date arose from his commercial or business activities.

12. The Debtor's Sworn Schedules indicate that he has 22 creditors with $2,431,976.97 in total liabilities. However, only 10 of those creditors are scheduled by the Debtor as arguably having noncontingent, liquidated claims. Therefore, the $2,125,184.26 in cumulative debts owed to these 10 creditors are the only debts to which one may look in determining the Debtor's subchapter V eligibility. As such, at least 50 percent of that aggregate amount—or $1,062,529.13—must have arisen from the Debtor's commercial or business activities. However, this is not the case.

13. Below is a list of each of the Debtor's 10 creditors scheduled with noncontingent, liquidated claims along with the dollar amount and description for each claim:

| **Creditor** | **Scheduled Claim Amount** | **Schedule** | **Claim Description** |
|---|---|---|---|
| Chase | $1,408,474.00 | D | mortgage on residence |
| Lincoln AFS | $12,277.05 | D | vehicle debt |
| Mercedes-Benz Financial Services | $40,314.32 | D | vehicle debt |
| Jaclyn Carvalho | $1,173.00 | E/F | child support |
| Zoallet Rodriguez | $728.53 | E/F | child support |
| Harvest Small Business Finance, LLC | $20,833.00 | E/F | money loaned |
| Patrick W. Walsh, Attorney at Law | $3,209.00 | E/F | legal fees |
| Peterson, Johnson & Murray Chicago, LLC | $26,514.40 | E/F | legal fees |
| State of Missouri | $85,000.00 | E/F | suspended judgment |
| U.S. Small Business Administration[1] | $526,660.96 | E/F | contingent corporate obligation |
| **Aggregate, noncontingent, liquidated debt** | **$2,125,184.26** | | |
| **50% of Aggregate** | **$1,062,592.13** | | |

14. As identified above, the Debtor's largest creditor with a noncontingent, liquidated claim is Chase with a scheduled claim amount of $1,408,474.00. As scheduled by the Debtor, Chase's claim is for the original mortgage on the Debtor's residence. *See* Docket No. 1, Sch. D at p.1. Further, Chase's claim represents over 66%[2] of the Debtor's aggregate, noncontingent, liquidated debts, and—as this is a residential mortgage—this debt clearly did not arise from the Debtor's commercial or business activities.

---

[1] Although this debt was not scheduled as contingent in the Debtor's Sworn Schedules, it may also be a contingent debt based on the Debtor's description of the claim as a "contingent corporate obligation." *See* Docket No. 77, Sch. E/F at p.7. The subchapter V eligibility requirements cannot be met even if this debt is removed from the noncontingent, liquidated debt total for the reasons noted herein regarding Chase's claim.

[2] 66% of the Debtor's noncontingent, liquidated debts is $1,402,621.61.

15. Specifically, according to the Debtor's 341 testimony, the Chase mortgage debt was incurred to provide a better life for Debtor's family members who also live at the residence.

16. Therefore, the Chase mortgage debt in the amount of $1,408,474.00, by itself, disqualifies the Debtor as a subchapter V small business debtor.[3]

17. The remaining noncontingent, liquidated debt totals $716,710.26, which is *less* than 50 percent of the aggregate, noncontingent, liquidated debt amount of $1,062,592.12. Regardless of whether the remaining noncontingent, liquidated debt of $716,710.26 arose from commercial or business activities, this amount is not enough to equal the 50 percent needed to qualify for a subchapter V.

18. To distinguish the Objecting States' Objection to that of the UST objection, if the Debtor is permitted to continue under Subchapter V, the Objecting States may be prejudiced by the inapplicability of Code sections listed in 11 U.S.C. §1181(a).

WHEREFORE, for the foregoing reasons, the Objecting States respectfully request that this Court enter an order sustaining their objection to the Debtor's election to proceed in this Case under subchapter V of chapter 11, order the Debtor's subchapter V designation removed, and granting such other or additional relief as this Court deems appropriate.

Respectfully submitted,

By: /s/ Heather M. Crockett
Heather M. Crockett, Atty. No. 26325-22
Deputy Attorney General
Office of Indiana Attorney General, Todd Rokita
302 West Washington St., IGCS-5th Floor
Indianapolis, IN  46204-2770
Phone: 317-233-6254; Fax: 317-232-7979
Email:  Heather.Crockett@atg.in.gov
ATTORNEY FOR THE STATE OF INDIANA

---

[3] The Objecting States reserve their right to challenge and examine the Debtor on any debts that the Debtor may claim to support a subchapter V election.

|  |  |
|---|---|
|  | DAVE YOST<br>Ohio Attorney General<br><br>/s/ W. Travis Garrison<br>W. Travis Garrison (Ohio Bar No. 0076757)<br>Assistant Attorney General<br>30 East Broad Street, 14th Floor<br>Columbus, Ohio 43215<br>Telephone: (614) 728-1172<br>Facsimile: (844) 243-0045<br>Email: travis.garrison@OhioAGO.gov<br>Counsel for State of Ohio |
| Dated: March 30, 2023, | KEN PAXTON<br>Attorney General of Texas<br><br>BRENT WEBSTER<br>First Assistant Attorney General<br><br>GRANT DORFMAN<br>Deputy First Assistant Attorney General<br><br>SHAWN E. COWLES<br>Deputy Attorney General for Civil Litigation<br><br>RACHEL R. OBALDO<br>Assistant Attorney General<br>Chief, Bankruptcy & Collections Division<br><br>/s/ Abigail R. Ryan<br>ABIGAIL R. RYAN<br>Texas State Bar No. 24035956<br>ROMA N. DESAI<br>Texas State Bar No. 24095553<br>Office of the Attorney General of Texas<br>Bankruptcy & Collections Division<br>P. O. Box 12548<br>Austin, Texas 78711-2548<br>Telephone: (512) 463-2173<br>Facsimile: (512) 936-1409<br>abigail.ryan@oag.texas.gov<br>roma.desai@oag.texas.gov<br><br>ATTORNEYS FOR THE STATE OF TEXAS |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically, or by United States mail postage prepaid, to the following on or before 31 March 2023:

Michael Theron Smith, Jr.
10343 S. Barnsley Drive
Parkland, FL 33076

20 largest list filed under Rule 1007(d)
American Express National Bank
c/o Becket and Lee, L.L.P.
P.O. Box 3001
Malvern, PA 19355-0701

Capital One, N.A.
By American InfoSource as agent
P.O. Box 71083
Charlotte, NC 28272-1083

Discover Bank
Discover Products, Inc.
P.O. Box 3025
New Albany, OH 43054-3025

Harvest Small Business Finance, L.L.C.
24422 Avenida De La Carlota, Ste. 400
Laguna Hills, CA 92653

Jaclyn Carvalho
1011 NE 208 St.
Miami, FL 33179

Patrick W. Walsh
33 S. Garfield St.
Hinsdale, IL 60521

Peterson, Johnson & Murray Chicago, L.L.C.
200 W. Adams St., Ste. 2125
Chicago, IL 60606

State of Arkansas
Office of the Attorney General
323 Center St., Ste. 200
Little Rock, AR 72201

State of Michigan
Office of the Attorney General
P.O. Box 30736
Lansing, MI 48909

State of Missouri
Office of the Attorney General
P.O. Box 861
St. Louis, MO 63188

State of North Carolina
Office of the Attorney General
P.O. Box 629
Raleigh, NC 27602

State of North Dakota
Office of the Attorney General
1050 E. Interstate Ave., Ste. 200
Bismarck, ND 58503

State of Ohio
Office of the Attorney General
30 E. Broad St., 14th Floor
Columbus, OH 43215

U.S. Small Business Administration
200 W Santa Ana Blvd., Ste. 740
Santa Ana, CA 92701

U.S. Small Business Administration
South Florida District Office
51 SW 1st Ave., Ste. 201
Miami, FL 33130

U.S. Attorney General Merrick Garland
U.S. Department of Justice
10th & Constitution NW
Washington, DC 20530

U.S. Attorney
Southern District of Florida
Civil Process Clerk
99 NE 4th St.
Miami, FL 33132

Wells Fargo Bank, N.A.

Wells Fargo Small Business Lending Div.
P.O. Box 29482 MAC S4101-08C
Phoenix, AZ 85038

Zoallet Rodriguez
2850 Celebration 103
Margate, FL 33063

Electronically via CM/ECF Notice of Filing:
State of Texas – Abigail R. Ryan
SubV Trustee – Tarek Kirk Kiem
Counsel to Estate Fiduciary – Derek D. Samz; Ryan Michael Ranson; Robert R. Benjamin