

ORDERED in the Southern District of Florida on May 3, 2023.



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                             Case No.:    0:23-bk-10373-PDR
Michael Theron Smith, Jr.                          Small Business Sub-Chapter V Chapter 11 Case
    Debtor.
_____/

**ORDER SUSTAINING**
**OBJECTIONS TO DEBTOR'S DESIGNATION**
**AS A SUB-CHAPTER V CHAPTER 11 SMALL BUSINESS DEBTOR**
**AND**
**ORDER RESOLVING**
**DEBTOR'S MOTION TO CONVERT TO**
**<u>CHAPTER 11 AND CANCELLING HEARING</u>**

    THIS CASE comes before this Court at 1:30 p.m. on April 27, 2023, to consider and rule upon the Objection to Debtor's Designation as a Sub-Chapter V Chapter 11 Small Business Debtor (D.E. # 84) filed by the United States Trustee—together with the Objection (D.E. # 87) jointly filed by the State of Indiana, the State of Ohio, and the State of Texas. Due to the issues arising at the hearing, this Court also took up the Debtor's own Motion to Convert Case to Chapter 11. (D.E. # 93). This Order resolves these pending matters.

Through the Debtor's Motion to Convert, the Debtor is not opposing the Objections to the Sub-V Designation. This Court finds and concludes that good cause has been demonstrated to sustain the Objections and disallow the Debtor's Sub-V Designation.

Under Federal Rule of Bankruptcy Procedure 1020(a), with the designation disallowed, the Debtor should be afforded time to promptly determine whether to re-designate the case to an applicable standard chapter 11 case or seek to convert the case to chapter 7 or dismiss the case from bankruptcy. Through his motion to convert, the Debtor has already stated his intention to re-designate the case to an applicable standard chapter 11 case. But conversion within a chapter is not what Congress contemplated under 11 U.S.C. § 1112.

To change the designation of a chapter 11 case from one type of chapter 11 case to another, or even to post-petition announce the case as a health care business case, a single asset realty case, a stockbroker case, or a commodity broker case, the debtor need only file an amended voluntary petition selecting the appropriate designations on Official Form 101, Part 3, Statements 12 and 13. A motion for order under Rule 9013 is not even required to file an amended petition. But this Court has before it a pending motion, which needs resolution. Therefore, this Court will treat the Debtor's Motion to Convert, (D.E. # 93) as a Motion to Re-Designate to a Standard Chapter 11 Case. This Court finds and concludes that good cause has been demonstrated for the Debtor to be permitted to re-designate this chapter 11 case.

For the reasons stated upon the record in open court, together with the foregoing, constituting this Court's findings and conclusions, **IT IS ORDERED** that:

1. The Objections to Debtor's Designation as a Sub-Chapter V Chapter 11 Small Business Debtor, (D.E. ## 84 and 87), are **SUSTAINED**.

2. The Debtor's Designation as a Sub-V Chapter 11 Small Business Debtor is **DISALLOWED** and **DISAPPROVED**.

3. The Debtor has demonstrated an express intent to re-designate to an applicable chapter 11 case by filing his Motion to Convert (D.E. # 93) that this Court will treat as a Motion to Re-Designate, which is **GRANTED**.

4. The hearing on the Debtor's Motion to Convert (D.E. # 93), noticed to be heard on May 11, 2023, (D.E. # 95), is **CANCELLED**.

5. To fully effectuate the re-designation of this case, the Debtor must file an Amended Voluntary Petition, Official Form 101, selecting and designating the appropriate descriptors at Part 3, Statements 12 and 13 within **FOURTEEN DAYS** of the entry date of this Order.

6. Failure of the Debtor to comply timely and promptly with the provisions of this Order may be grounds sufficient under 11 U.S.C. § 1112(b)(4)(E) for this Court to provide the creditors and the bankruptcy estate with relief available to them under 11 U.S.C. § 1112(b)(1).

7. Sub-Chapter V Trustee Tarek Kiem is directed to submit his Final Report so that he may receive an order discharging him from his services as trustee. Trustee Kiem has already filed a final compensation application, which this Court will hear and consider as calendared.

The Clerk's Office is directed to serve a copy of this Order upon the Debtor by BNC mailing and upon all other parties, including Debtor's Counsel, receiving CM/ECF Notice of Filing, which this Court finds is adequate and sufficient notice of the entry of this Order under Fed. R. Bankr. P. 9022(a).

###

Order drafted by:
J. Steven Wilkes (Ala. Bar. No. WIL-278)
Trial Attorney
U.S. Department of Justice
Office of U.S. Trustee for Region 21
501 East Polk St., Ste. 1200
Tampa, FL 33602